UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| YVONNE MARIE JAQUAY,<br><br>             Plaintiff,<br><br>   v.<br><br>NANCY A BERRYHILL, Acting Commissioner of Social Security,<br><br>             Defendant. | CASE NO. 3:16-CV-06025-DWC<br><br>ORDER VACATING DEFENDANT'S DECISION TO DENY BENEFITS |

Plaintiff Yvonne Marie Jaquay filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of her application for supplemental security income ("SSI") and disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 9.

After considering the record, the Court concludes the Administrative Law Judge ("ALJ") failed to properly consider the medical opinion evidence of examining physicians Drs. Dan Neims, Psy.D. and Sorino S. Rhone, M.D. Had the ALJ properly considered their opinions, the

residual functional capacity ("RFC") assessment may have included additional limitations. Therefore, the ALJ's error is harmful. The Court orders the Commissioner's final decision be vacated in its entirety and this matter remanded pursuant to sentence four of 42 U.S.C. § 405(g) for a *de novo* hearing consistent with this Order.

## FACTUAL AND PROCEDURAL HISTORY

On September 17, 2013, Plaintiff filed an application for SSI and DIB, alleging disability as of January 1, 2010. *See* Dkt. 14, Administrative Record ("AR") 19. The application was denied upon initial administrative review and upon reconsideration. AR 19. Plaintiff filed a written request for a hearing on April 18, 2014. AR 19. ALJ Cynthia D. Rosa heard the matter on April 21, 2015. AR 43–77. In a decision dated July 31, 2015, the ALJ determined Plaintiff to be not disabled. *See* AR 19–37. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council, making the ALJ's decision the final decision of the Commissioner. *See* AR 1–6; 20 C.F.R. §§ 404.981, 416.1481.

In Plaintiff's Opening Brief, she maintains the ALJ failed to: (I) properly weigh medical opinion evidence by giving little or reduced weight to Drs. Neims and Rhone's opinions; and (II) provide clear and convincing reasons for discounting Plaintiff's testimony. *See* Dkt. 16 at 1–2.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

**I.      Whether the ALJ properly weighed the medical opinion evidence.**

1    Plaintiff contends the ALJ erred in her evaluation of the medical opinion evidence of

2 examining physicians Drs. Neims and Rhone. Dkt. 16 at 4–10. Defendant asserts the ALJ

3 properly considered and weighed all medical opinion evidence. Dkt. 23.

    A.     Dr. Neims

Plaintiff asserts the ALJ erred by failing to properly consider the opinion of examining psychologist Dr. Neims. Dkt. 16 at 4–7.

In November of 2013, Dr. Neims completed a psychological diagnostic evaluation regarding Plaintiff's functional abilities. *See* AR 400–10. Dr. Neims reviewed portions of Plaintiff's medical records, conducted a clinical interview, observed Plaintiff, and conducted a mental status examination ("MSE"). AR 400–06. He diagnosed Plaintiff with a recurrent, marked, major depressive episode, anxiety disorder, psychological factors affecting physical condition, and Cluster B features. AR 401. He opined Plaintiff will have moderate difficulty in several basic work activities, such as learning new tasks and making simple work-related decisions. AR 402. He further opined Plaintiff will have marked difficulty asking simple questions or requesting assistance, communicating and performing effectively in a work setting, completing a normal work day and work week without interruptions from psychologically based symptoms, and maintaining appropriate behavior in a work setting. AR 402. He concluded Plaintiff is not capable of substantial gainful employment. AR 408.

The ALJ summarized Dr. Neims' opinion and then stated:

> Little weight is given to Dr. Neims' opinion. (1) Dr. Neims did not have the benefit of considering the later examination by Dr. Pickett, discussed below. (2) The examination by Dr. Pickett indicates that the claimant was largely motivated by secondary gain, which Dr. Neims did not adequately consider. Furthermore, (3) the marked limitations found by Dr. Neims are inconsistent with clinical observations in the record discussed throughout this decision. For example, the claimant was often observed to be cooperative, pleasant, with a normal affect, intact memory, and she reported good results from her medications. (4) The

claimant's various activities are also inconsistent with the degree of incapacity found by Dr. Neims. For example, the claimant was able to independently shop, she was careful about how she compared groceries while shopping, and she worked part-time for years during the relevant period, just as she had worked part-time prior to the relevant period for years. (5) The extreme limitations found by Dr. Neims is [sic] also inconsistent with the opinions of Dr. Pickett and Dr. Wolfe.

AR 33–34 (internal citations omitted and numbering added).

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (*citing Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988); *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)). When a treating or examining physician's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830–31 (*citing Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995)); *see also Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989) ("Substantial evidence means more than a mere scintilla but less than a preponderance. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.") (internal quotations omitted). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (*citing Magallanes*, 881 F.2d at 751).

Here, the ALJ discounted Dr. Neims' opinion for five reasons—none of which is specific and legitimate. The ALJ's first reason for discounting the doctor's opinion, that Dr. Neims "did not have the benefit of considering the later examination by Dr. Pickett," is not specific and legitimate. AR 34. Defendant, relying on *Tonapetyan v. Halter*, asserts the ALJ properly relied on Dr. Pickett's opinion over Dr. Neims' opinion because Dr. Pickett's findings constitute

substantial evidence. Dkt. 23 at 5–16; *Tonapetyan v. Halter*, 242 F.3d 1144 (9th Cir. 2001). In *Tonapetyan*, the Ninth Circuit upheld the ALJ's rejection of an examining physician's opinion because the opinion relied only on the plaintiff's subjective complaints and testing within the plaintiff's control. *Id.* at 1149. The panel further determined contrary examining physician opinions served as additional specific and legitimate reasons for rejecting the opinion. *Id.*

Unlike *Tonapetyan*, Dr. Neims relied on his own observations; he examined Plaintiff's medical records, conducted an MSE, and considered the MSE results, Plaintiff's reported mental health history, and Plaintiff's subjective complaints. AR 400–10. Whether or not Dr. Pickett's opinion constitutes substantial evidence, the ALJ must have specific and legitimate reasons to disregard Dr. Neims' opinion. *See Trevizo v. Berryhill*, 862 F.3d 987, 997 (9th Cir. 2017) ("If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence.") (internal quotations omitted). Defendant does not cite, nor does the Court find, authority holding an examining physician's failure to supplement his or her own examination and observations with another doctor's opinion is a specific and legitimate reason to give less weight to the opinion. *See* Dkt. 23. Therefore, this is not a specific and legitimate reason to discount Dr. Neims' opinion.

The ALJ's second reason to give little weight to Dr. Neims' opinion, that Dr. Neims "did not adequately consider" Plaintiff was "largely motivated by secondary gain," is not specific and legitimate. AR 34. The ALJ's reason was conclusory; she neither stated her interpretation of the evidence nor made findings. AR 34. When Dr. Neims checked a box to indicate Plaintiff had "dramatic symptom endorsement," he left unchecked the boxes for "possible malingering" or "probable malingering," located directly next to the box for "dramatic symptom endorsement."

AR 407. Though the ALJ listed this evidence (*see* AR 33), she failed to explain how this evidence shows Dr. Neims inadequately considered whether or not Plaintiff was motivated by secondary gain. AR 34.

The ALJ also failed to discuss significant, probative evidence inconsistent with her findings. Dr. Neims administered a "Rey 15 Factor Test"[1] and found the results "not indicative of memory malingering." AR 405. Dr. Neims also indicated Plaintiff "appeared embittered regarding ongoing losses." AR 405. The ALJ "need not discuss all evidence presented." *Vincent ex rel. Vincent v. Heckler*, 739 F.2d 1393, 1394–95 (9th Cir. 1984). However, the ALJ "may not reject 'significant probative evidence' without explanation." *Flores v. Shalala*, 49 F.3d 562, 570–71 (*quoting Vincent ex rel. Vincent*, 739 F.2d at 1395). The "ALJ's written decision must state reasons for disregarding [such] evidence." *Id.* at 571. Here, the ALJ discounted Dr. Neims' opinion because he inadequately considered Plaintiff was "largely motivated by secondary gain," yet failed to discuss evidence inconsistent with her finding, without explanation. Therefore, this reason for giving little weight to Dr. Neims' opinion has not met the level of specificity required to reject physicians' opinions. *See Embrey*, 849 F.2d at 421–22 ("it is incumbent on the ALJ to provide detailed, reasoned, and legitimate rationales for disregarding the physicians' findings.").

The ALJ's third reason for discounting Dr. Neims' opinion is that his opined marked limitations are inconsistent with clinical observations in the record. AR 34. To support her reason, the ALJ stated, "for example, [Plaintiff] was often observed to be cooperative, pleasant,

---

[1] The Rey 15 Factor Test is designed to "evaluate the veracity of claims by patients that their cognitive ability is decreased." *Garcia v. Colvin*, 2015 WL 1467256, at *10 (C.D. Cal. Mar. 26, 2015). This test, when used "in conjunction with other tests designed to evaluate malingering[, has] been fruitful in identifying patients who were truly impaired cognitively, and were either exaggerating or fabricating their symptoms." *Id.*; *see* Richard I. Frederick, "*A Review of Rey's Strategies for Detecting Malingered Neuropsychological Impairment*," 2 J. FORENSIC NEUROPSYCHOLOGY, No. 3/4 (2002) ("Rey developed many eponymous tests and procedures. Three are relatively well known in American neuropsychological literature as 'tests of malingering': The Rey 15–Item Memory Test (RMT), the Rey Word Recognition Test (WRT), and the Rey Dot Counting Test (DCT).").

with a normal affect, intact memory, and she reported good results from her medications." AR 34. This reason is not specific and legitimate because the ALJ neither stated her interpretation of the evidence nor made findings—she failed to explain how Plaintiff being cooperative and pleasant, with a normal affect, intact memory, and "good results from her medications" is inconsistent with Dr. Neims' opined marked limitations. AR 34.

For example, Dr. Neims observed Plaintiff was friendly and cooperative (*see* AR 403–04, 407), could recall serial 3's and 7's, and had unimpaired short-term memory. AR 407. Dr. Neims also observed Plaintiff's mood to be "dysphoric [and] anxious, [with] underlying irritability," and her speech to be speedy, loud, rambling, and fragmented. AR 403, 407. Dr. Neims further observed Plaintiff's concentration was poorly sustained, with periods of extensive off-task conversation wherein Plaintiff was difficult to redirect. AR 403.[2] Dr. Neims' observed mood and concentration issues are not inconsistent with Plaintiff's cooperation, friendliness, and normal affect, memory, and medication results. Moreover, these findings are not inconsistent with Dr. Neims' conclusion that Plaintiff is unable to function in a full-time workplace environment due to marked limitations in her ability to ask simple questions, request assistance, communicate and perform effectively, complete a normal work day, and maintain appropriate behavior. AR 402.

Although the ALJ cited some of the above evidence (*see* AR 33), she abruptly concluded there was insufficient clinical evidence to support the marked limitations found by Dr. Neims without explaining her conclusion. AR 34. The ALJ erred in failing to put forth her interpretation of the evidence and why it, rather than Dr. Neims' interpretation, was correct. *See Embrey*, 849 F.2d at 421–22 (internal footnote omitted); *see also Garrison v. Colvin*, 759 F.3d 995, 1012–13

---

[2] There is also evidence elsewhere in the record consistent with Dr. Neims' observations. *See, e.g.*, AR 259 (a disability report interviewer observed Plaintiff had difficulty concentrating and "tended to ramble on constantly during the interview"); AR 350, 517 (multiple providers noted Plaintiff had pressured speech).

(9th Cir. 2014) (*citing Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir. 1996)) ("[A]n ALJ errs when [s]he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for h[er] conclusion."). Accordingly, this is not a specific and legitimate reason for discounting Dr. Neims' opinion.

The ALJ's fourth reason to discount Dr. Neims' opinion is that Plaintiff's "various activities are also inconsistent with the degree of incapacity found by Dr. Neims." AR 34. To support her reason, the ALJ stated, "for example, [Plaintiff] was able to independently shop, she was careful about how she compared groceries while shopping, and she worked part-time for years during the relevant period, just as she had worked part-time prior to the relevant period for years." AR 34. The ALJ committed two errors here.

First, the ALJ mischaracterized Plaintiff's testimony. Plaintiff stated she grocery shops alone because "no one likes to go with me." AR 56. She further explained, "I'm a label reader. [It takes me] way too long . . . . I have to overanalyze everything. [I think] about how much it costs at Walmart versus Winco. It's – I guess it just occupies my mind and I get carried away." AR 56. The ALJ's mischaracterization of the testimony is error. *See Garrison*, 759 F.3d at 1016.

Second, the ALJ erred in finding that these activities are inconsistent with the impairments found by Dr. Neims. *See Garrison*, 759 F.3d at 1016 ((*citing Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) ("[M]any home activities are not easily transferable to what may be the more grueling environment of the workplace, where it might be impossible to periodically rest or take medication.")).

1    Here, Plaintiff's occasional shopping activities, as she described them in her testimony,
2    were consistent with Dr. Neims' opined limitations. Moreover, Plaintiff's ability to work part-
3    time in janitorial services ten hours per week until October 2013 is also consistent with Dr.
4    Neims' opined limitations. *See, e.g.*, AR 270–71. Neither her shopping activity nor past part-time
5    work is inconsistent with an inability to function in a full-time workplace environment due to
6    marked difficulties asking simple questions, communicating effectively in a work setting, or
7    maintaining appropriate behavior. AR 402. Accordingly, the supposed inconsistencies between
8    Plaintiff's daily activities and Dr. Neims' opined marked limitations do not satisfy the
9    requirement of a specific and legitimate reason to discredit Dr. Neims' opinion.

The ALJ's fifth reason to discount Dr. Neims' opinion, that "the extreme limitations found by Dr. Neims is [sic] also inconsistent with the opinions of Dr. Pickett and Dr. Wolfe" is not specific and legitimate. AR 34. The ALJ's reasoning here is conclusory, without any citation to the record. AR 34. The ALJ does not explain which of Dr. Neims' limitations are "extreme" or why they are "extreme." The ALJ also failed to explain why Dr. Pickett and Dr. Wolfe's opinions render Dr. Neims' opinion less reliable. The ALJ's failure to explain her reasoning was error. *See Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003) ("We require the ALJ to build an accurate and logical bridge from the evidence to her conclusions so that we may afford the claimant meaningful review of the SSA's ultimate findings.").

B.  <u>Dr. Rhone</u>

Plaintiff asserts the ALJ erred by failing to properly consider the opinion of examining physician Dr. Rhone. Dkt. 16 at 7–10.

In November of 2013, Dr. Rhone completed a disability determination physical examination regarding Plaintiff's functional abilities. *See* AR 439–45. Dr. Rhone conducted a

physical examination and observed Plaintiff. AR 439–45. He opined Plaintiff can, within eight hours, sit continuously and work with her hands. AR 439, 445. She can frequently stand and walk. AR 439. She can occasionally climb one flight of stairs. AR 445. She can walk within the confines of an apartment or an office. AR 439. Occasionally, she can twist, bend, and stoop. AR 439. She cannot squat, kneel, crawl, and reach and work above her shoulders. AR 440, 445. She can handle ten pounds frequently, lift, carry, pull and push. AR 440. She has some trouble handling the keyboard and can only occasionally grasp and do some fine manipulation. AR 445.

The ALJ summarized Dr. Rhone's opinion and then stated:

> Some weight is given to Dr. Rhone's opinion. His opinion is partially supported by the clinical observations he made, discussed above. However, greater weight is not given because (1) many of his findings are not supported by observations that he made or that are made elsewhere in the record. For example, his finding that the claimant could not squat, kneel, or crawl is not supported by the claimant moving with normal coordination and normal range of motion, which is observed multiple times in the medical record. (2) His finding that the claimant could not reach above her shoulders is also not supported by the clinical observations in the medical record and the claimant did not even report shoulder difficulties. (3) The postural, gripping, and fingering limitations found by Dr. Hoskins are more consistent with the clinical observations in the record.

AR 32–33 (internal citations omitted and numbering added).

As discussed *supra*, when a treating or examining physician's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830–31 (citation omitted). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick*, 157 F.3d at 725 (citation omitted).

Here, the ALJ partially discounted Dr. Rhone's opinion for three reasons—none of which is specific and legitimate. The ALJ's first reason for partially discounting Dr. Rhone's opinion is

that many of Dr. Rhone's observations are not supported by the record or his own findings. AR 32. To support her reason, the ALJ stated, "for example, [Dr. Rhone's] finding that the claimant could not squat, kneel, or crawl is not supported by the claimant moving with normal coordination and normal range of motion, which is observed multiple times in the medical record. AR 32.

Inconsistency between a physician's opinion and his treatment notes, or inconsistency between a physician's opinion and the medical record, are specific and legitimate reasons for discounting a physician's opinion. *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 601–02 (9th Cir. 1999); *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008). However, "where the purported existence of an inconsistency is squarely contradicted by the record, it may not serve as the basis for the rejection of an examining physician's conclusion." *See Nguyen*, 100 F.3d at 1465.

Here, the ALJ supported her reasoning with evidence in the record consistent with her finding. For example, she cited Dr. Rhone's finding Plaintiff had normal coordination, sensorium, gait, and range of motion. AR 32; AR 439, 445. She also cited Dr. Rhone's observation that Plaintiff's knee flexion, hip adduction, hip flexion, and hip abduction all had full range of motion. AR 32; AR 442.

However, the ALJ's citations are selective, and ignore Dr. Rhone's observations and diagnosis that Plaintiff had difficulties with her knees. For example, after examining Plaintiff, Dr. Rhone noted some deformities caused by osteoarthritis and that could be demonstrated in the examination of her knees, which were "tender on palpation." AR 445. He diagnosed Plaintiff with "osteoarthritis affecting both particularly hands and knees." AR 445. He also noted Plaintiff had difficulty climbing onto the examination table. AR 445. This is consistent with a finding that

Plaintiff could not squat, kneel, or crawl, but the ALJ does not discuss these facts. An ALJ "cannot simply cherry-pick facts that support a finding of non-disability while ignoring evidence that points to a disability finding." *Denton v. Astrue*, 596 F.3d 419, 425 (7th Cir. 2010); *see Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th Cir. 1998). The ALJ "may not reject 'significant probative evidence' without explanation." *Flores*, 49 F.3d at 570–71 (quotation omitted). The "ALJ's written decision must state reasons for disregarding [such] evidence." *Id.* at 571.

Here, the ALJ improperly "cherry-picked" Dr. Rhone's opinion to support her conclusion. In the process, she failed to discuss significant, probative evidence inconsistent with her findings, without explanation. Therefore, this reason for giving little weight to Dr. Rhone's opinion has not met the level of specificity required to reject physicians' opinions. *See Embrey*, 849 F.2d at 421–22 ("it is incumbent on the ALJ to provide detailed, reasoned, and legitimate rationales for disregarding the physicians' findings.").

Second, the ALJ discounted Dr. Rhone's opinion that Plaintiff could not reach above her shoulders because it is unsupported by the clinical observations in the medical record and Plaintiff did not report shoulder difficulties. AR 32–33. The ALJ is entitled to resolve conflicts in the medical evidence. *Sprague v. Bowen*, 812 F.2d 1226, 1230 (9th Cir. 1987). She may not, however, substitute her own opinion for that of qualified medical experts. *Doane v. Astrue*, 2010 WL 3672411, at *4 (W.D. Wash. Aug. 17, 2010), *report and recommendation adopted*, 2010 WL 3672357 (W.D. Wash. Sept. 15, 2010).

In giving little weight to Dr. Rhone's opined reaching limitation, the ALJ failed to discuss specific evidence in the record that illustrates Plaintiff is able or unable to reach above her shoulders. The ALJ also failed to discuss Dr. Rhone's clinical observations that led to his

conclusion that Plaintiff cannot reach above her shoulders.[3] AR 32–33. The ALJ's vague, conclusory reason to reject Dr. Rhone's opined limitation does not reach the level of specificity necessary to justify rejecting the opinion and is insufficient for this Court to determine if the ALJ properly considered the evidence. Without more, the ALJ's reason to reject Dr. Rhone's opinion has failed to meet the level of specificity required to reject a physician's opinion. *See Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007) ("[t]he ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct.") (*citing Embrey*, 849 F.2d at 421–22).

Third, the ALJ discounted Dr. Rhone's opinion because the "postural, gripping, and fingering limitations found by Dr. Hoskins are more consistent with the clinical observations in the record." AR 33. In rejecting an examining physician's opinion, "it is incumbent on the ALJ to provide detailed, reasoned, and legitimate rationales for disregarding the physicians' findings." *Embrey*, 849 F.2d at 421–22. The ALJ's reasoning here is conclusory—she stated, without explanation or citation to the record, Dr. Hoskins' opined limitations are more consistent than Dr. Rhone's. AR 34.

Moreover, it is also not obvious from the face of Dr. Hoskins' opinion exactly *how* some of Dr. Neims' opined limitations are purportedly inconsistent. For example, Dr. Neims opined Plaintiff has some trouble handling the keyboard and can only occasionally grasp and do some fine manipulation. AR 445. Dr. Hoskins opined Plaintiff was limited to "occasional heavy repetitive gripping and frequent fingering." AR 112. But, the ALJ provided no analysis of how these opined limitations are inconsistent. The ALJ's failure to explain her reasoning was error.

---

[3] *See, e.g.*, AR 442 (Dr. Rhone observed Plaintiff had limited back extension, lateral flexion, and lateral neck range of motion); AR 439 (Plaintiff's reflexes were "+1 (diminished) both in upper and lower train").

1         Harmless error principles apply in the Social Security context. *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674 F.3d at 1115. The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118–19 (*quoting Shinseki v. Sanders*, 556 U.S. 396, 407 (2009) (*quoting* 28 U.S.C. § 2111)). When the ALJ ignores significant and probative evidence in the record favorable to a claimant's position, the ALJ "thereby provide[s] an incomplete [RFC] determination." *Hill v. Astrue*, 698 F.3d 1153, 1161 (9th Cir. 2012).

        Had the ALJ included all or some of Drs. Neims and Rhone's limitations in the RFC assessment, Plaintiff would likely have been found disabled. For example, the ALJ found the Plaintiff's RFC assessment includes an ability to frequently kneel, crouch, and occasionally crawl. *See* AR 24. However, Dr. Rhone opined Plaintiff cannot kneel or crawl. AR 439–40, 445. Moreover, according to the Vocational Expert ("VE"), Jeff Cockrum, employers will tolerate up to ten percent off-task time during the workday. AR 75. Dr. Neims opined Plaintiff was often off-task, difficult to re-direct, and had poor concentration. AR 403. If all the limitations opined by Drs. Neims and Rhone were included in the RFC and in the hypothetical questions posed to the VE, the ultimate disability determination may have changed. Accordingly, ALJ's error is not harmless and requires reversal. *See Molina*, 674 F.3d at 1115.

**II.    Whether the ALJ erred by failing to provide clear and convincing reasons supported by the record to discount Plaintiff's subjective testimony.**

        Plaintiff contends the ALJ failed to give clear and convincing reasons for discounting her subjective symptom testimony. Dkt. 16 at 10–14.

The Court concludes the ALJ committed harmful error in assessing the medical opinion evidence. *See* Section I, *supra*. Because the ALJ's reconsideration of the medical opinion evidence may impact her assessment of Plaintiff's subjective testimony, the ALJ must reconsider Plaintiff's subjective testimony on remand.

The Court also notes that on March 16, 2016, the Social Security Administration changed the way it analyzes a claimant's credibility. *See* SSR 16-3p, 2016 WL 1119029 (S.S.A. Mar. 16, 2016). The term "credibility" will no longer be used. *Id*. Further, symptom evaluation is no longer an examination of a claimant's character; "adjudicators will not assess an individual's overall character or truthfulness." *Id*. at *10. The ALJ's decision, dated July 31, 2015, was issued approximately eight months before SSR 16-3p became effective. Therefore, the ALJ did not err by failing to apply SSR 16-3p. However, on remand, the ALJ is directed to apply SSR 16-3p when evaluating Plaintiff's subjective symptom testimony.

## CONCLUSION

Based on the foregoing reasons, the Court hereby finds that the ALJ improperly concluded that Plaintiff was not disabled. Accordingly, the Court orders the Commissioner's final decision to deny benefits be vacated in its entirety and this matter remanded pursuant to sentence four of 42 U.S.C. § 405(g) for a *de novo* hearing in accordance with the findings contained herein.

Dated this 16th day of August, 2017.

David W. Christel
United States Magistrate Judge